**Argentina Vargas DE LEON ORTIZ, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* Respondent.**

**No. 05–3193–ag.**

United States Court of Appeals, Second Circuit.

Nov. 3, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr. is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Michael E. Marszalkowski, Damon & Morey, LLP, Buffalo, N.Y., for Petitioner.

Gail Y. Mitchell, Assistant United States Attorney, for Kathleen M. Mehltretter, Acting United States Attorney, Buffalo, N.Y., for Respondent.

PRESENT: GUIDO CALABRESI, RICHARD C. WESLEY, Circuit Judges, JED S. RAKOFF, District Judge.[1]

### SUMMARY ORDER

Petitioner Argentina Vargas De Leon Ortiz petitions this Court for review of a June 14, 2002 Board of Immigration Appeals (BIA) order affirming an Immigration Judge's (IJ's) decision ordering Petitioner's removal. On February 7, 2008, this Court ordered the petition withdrawn so that Petitioner could pursue a motion to reopen before the BIA. On November 17, 2008, the BIA denied the motion to reopen as untimely and declined to reopen the case *sua sponte.* We treat this petition as an appeal from the BIA's denial of Petitioner's motion to reopen and assume the parties' familiarity with this case's facts and procedural history.

We remand on very limited grounds. The BIA surely had the authority to decline to review Petitioner's motion to re-

1. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

open as untimely. It similarly could decide *sua sponte* not to consider such a claim. And that decision is not reviewable by this Court.

In deciding not to review this claim *sua sponte,* the BIA reasoned that a docket entry filed about one month before the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), which eliminated Petitioner's eligibility for section 212(c) relief, indicated that Petitioner had not yet agreed to enter into a plea. It then stated that a docket entry filed roughly four months after AEDPA's enactment indicated that such an agreement had been reached. From this, it concluded that no agreement to plead was reached before AEDPA's enactment and that therefore Petitioner was not eligible for section 212(c) relief. *See INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Petitioner seems to argue, however, that she did agree to plead before the enactment of AEDPA, and that she wishes to have the opportunity to prove so.

We take no position, as it is not before us, on whether an agreement to plead, rather than the plea itself, is the appropriate point for gauging pleas for purpose of the applicability of AEDPA under *St Cyr.* It is certainly arguable that only the plea itself can suffice. But the BIA did not seem to base its decision on this ground. It seemed to focus, instead, on when an agreement to plead was made in determining whether *sua sponte* to reopen. Indeed, the BIA did not consider November 20, 1996, the date the plea was signed, as the date the parties agreed to the plea. The BIA used instead a docket entry dated September 5, 1996, that noted the "plea agreement needs to be finalized," to conclude that the "docket entry reflects that the plea was agreed to by the parties."

The facts on the record, without more, do not support a finding that no agreement to plead was made before AEDPA went into effect. Under the circumstances, we deem it appropriate to remand for the BIA, given its plenary authority to decide whether to reopen *sua sponte,* to determine whether on the correct facts (and assuming *arguendo* that the law is as the BIA seems to view it to be) it wishes to reopen *sua sponte.* Should it choose not to do so, that decision is of course not reviewable. *See generally Mahmood v. Holder,* 570 F.3d 466, 469 (2d Cir.2009).

For these reasons, we GRANT the petition for review, VACATE the BIA's order, and REMAND the case to the BIA for further proceedings consistent with this order.