09-3769-ag
Zheng v. Holder

BIA
A077 776 954

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of May, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> > *Circuit Judges*.

─────────────────────────────────────────

CHI FENG ZHENG,
> *Petitioner*,

v.                                          09-3769-ag
                                            NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
> *Respondent*.

─────────────────────────────────────────

FOR PETITIONER:          Peter L. Quan, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General, Linda S. Wernery, Assistant
                         Director, James E. Grimes, Senior
                         Litigation Counsel, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Chi Feng Zheng, a native and citizen of the People's Republic of China, seeks review of an August 13, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Chi Feng Zheng*, No. A077 776 954 (B.I.A. Aug. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, it is beyond dispute that Zheng's motion to reopen was untimely.

The 90-day filing deadline may be excused if the alien can establish "changed country conditions arising in the country of nationality . . . ." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA

reasonably concluded, however, that the evidence Zheng submitted, a notice purportedly sent to him by the Chinese government, "[did] not establish . . . that the government now is motivated to persecute [him] for a new reason." *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008). Indeed, the notice did not reveal a change in country conditions, but merely supported the same claim that Zheng had asserted before the IJ.

Furthermore, the BIA did not abuse its discretion by denying Zheng's motion to reopen based on a pending I-130 visa petition filed on his behalf. As the BIA found, eligibility to adjust status is not a statutory basis for excusing the untimely filing of a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Thus, when an alien seeks reopening in an untimely motion on the basis that he is eligible to adjust his status, he is invoking the BIA's authority to reopen proceedings *sua sponte*. 8 C.F.R. § 1003.2(a); *Mahmood v. Holder*, 570 F.3d 466, 470-71 (2d Cir. 2009). The BIA's determination as to whether it will exercise that authority is entirely discretionary and thus beyond the scope of this Court's jurisdiction. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). *Cf. Mahmood*, 570 F.3d at 470-71.

Because Zheng did not demonstrate changed country conditions, the BIA did not abuse its discretion in denying his motion. *Yuen Jin v. Mukasey*, 538 F.3d 143, 156 (2d Cir. 2008). Accordingly, we need not reach his argument that he is *prima facie* eligible for relief. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk