Sallar v. Holder
BIA
Sichel, IJ
A070 699 940

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of August, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

AMI SALLAR, A/K/A FREDA AMI SALLAR-
JOSEPH,

       *Petitioner*,

     v.

                      10-5158
                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

       *Respondent*.

_____

FOR PETITIONER:      Jaime Recabo, Bronxville, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Melissa K. Lott, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Ami Sallar, a native and citizen of Ghana, seeks review of a November 17, 2010, order of the BIA affirming the September 15, 2009, decision of Immigration Judge Helen Sichel, which denied her request for *sua sponte* reopening of her immigration proceedings. *In re Sallar*, No. A070 699 940 (B.I.A. Nov. 17, 2010), *aff'g* No. A070 699 940 (Immig. Ct. N.Y. City Sept. 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The petition for review is DISMISSED for lack of jurisdiction, because "we are without jurisdiction to review the Agency's failure to reopen removal proceedings *sua sponte*." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (*citing Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1)). Moreover, there is no indication that the agency mis-perceived its

authority to reopen or Sallar's eligibility for the relief she sought.  *Cf. id.*

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

3