NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2197
_____

XINGZHANG CHEN, a/k/a Xing Zhang Chen;
SHUYU LU, a/k/a Shu Yu Lu,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(Nos. A089-908-498 and A077-845-636)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2013
_____

Before:  AMBRO, HARDIMAN, and COWEN, Circuit Judges

(Opinion filed: April 19, 2013)
_____

OPINION
_____

AMBRO, Circuit Judge

Petitioners—Xingzhang Chen and his wife, Shuyu Lu—are natives and citizens of

the People's Republic of China who first entered the United States in 1999 and 2000,

respectively. In August 2009, they were found removable and an Immigration Judge denied Petitioners' application for asylum, withholding of removal, and protection under the Convention Against Torture. The Board of Immigration Appeals (the "BIA") dismissed their appeal, and we subsequently denied their petition for review. In April 2012, Petitioners filed a motion to reopen with the BIA in which they asserted that, due to their recent conversion to Christianity, they had a newfound fear of persecution based on their religious practices entitling them to asylum and withholding of removal. The BIA denied that motion. This petition for review followed.[1]

We accord deference to the BIA's decisions. Normally, "[w]e review the BIA's denial of a motion to reopen for abuse of discretion, and review its underlying factual findings related to the motion for substantial evidence." *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006) (citations omitted). "However, motions that ask the BIA to reopen *sua sponte* a case are of a different character. Because such motions are committed to the unfettered discretion of the BIA, we lack jurisdiction to review a decision on whether and how to exercise that discretion." *Pllumi v. Att'y Gen.*, 642 F.3d 155, 159 (3d Cir. 2011) (footnote omitted) (citing *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003)).[2] "[W]e may exercise jurisdiction [over a refusal to reopen] to the limited extent of recognizing when the BIA has relied on an incorrect legal premise. In such cases we can remand to the BIA so it may exercise its authority against the correct 'legal

---

[1] We have jurisdiction to review this timely filed petition under 8 U.S.C. § 1252.
[2] As we noted in *Pllumi*, "[i]t seems a contradiction in terms to speak of motions seeking *sua sponte* action, since 'sua sponte' means the doing of something 'without prompting or suggestion,' but that is the terminology." *Id.* at 159 n.5 (quoting Black's Law Dictionary 1560 (9th ed. 2009))

background.'" *Id.* at 160 (quoting *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009)).

We do not see legal error justifying remand in this instance. The BIA rejected Petitioners' motion to reopen because they failed to establish a *prima facie* case for the relief sought. *See Caushi v. Att'y Gen.*, 436 F.3d 220, 231 (3d Cir. 2006) ("A motion to reopen may be denied if the BIA determines that . . . the alien has not established a *prima facie* case for the relief sought . . . ."). Even if Petitioners had been able to establish a *prima facie* case, however, the BIA found that they had not shown the exceptional circumstances needed to warrant it exercising its discretion to reopen their case. *See* 8 C.F.R. § 1003.2 ("The [BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."). Though Petitioners argue that the BIA applied an incorrect legal standard for establishing *prima facie* eligibility, they do not point to any alleged legal error in its alternative finding that they failed to show exceptional circumstances. Because this is not alleged to be predicated on a legal error, we are without jurisdiction to review this discretionary determination.

For these reasons, we dismiss this petition for review.