**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0009n.06

**Case No. 13-4369**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jan 06, 2015

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| LYUDMYLA KLYM, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| *Respondent*. | ) | |
| | ) | |
| | ) | O P I N I O N |

BEFORE:    COLE, Chief Judge; KETHLEDGE, Circuit Judge; OLIVER, District Judge.[*]

COLE, Chief Judge.  Lyudmyla Klym is facing removal from the United States and asks this court to review a decision by the Board of Immigration Appeals ("BIA") declining to reopen her removal proceedings sua sponte.  Because we have no jurisdiction to review BIA decisions declining to reopen such proceedings sua sponte, we must dismiss Klym's petition.

Klym came to the United States from the Ukraine in 2007 and applied for asylum based on allegations of religious persecution.  An immigration judge denied her request after finding that her testimony was not credible and ordered her removal.  The BIA affirmed the removal order, and this court dismissed her appeal.

---

[*] The Honorable Solomon Oliver, Jr., Chief Judge, United States District Court for the Northern District of Ohio, sitting by designation.

Klym married a U.S. citizen in 2012 and moved to reopen her removal proceedings because her marriage permitted reclassifying her as a permanent resident. She also presented evidence that her removal would exacerbate her husband's health problems. Because her motion was untimely, Klym asked the BIA to reopen her removal proceedings sua sponte. Her request was summarily denied in a five-sentence decision finding that her motion was untimely and did "not demonstrate an exceptional situation that would warrant the exercise of [the BIA's] discretion to reopen her proceedings under [its] sua sponte authority." (BIA Decision, A.R. 3 (citing *In Re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997)).) Klym now asks us to find that the BIA's refusal to reopen her case sua sponte was an abuse of discretion.

Klym acknowledges that "we lack jurisdiction to review the BIA's denial of the petitioner's motion to reopen *sua sponte*." *Gor v. Holder*, 607 F.3d 180, 188 (6th Cir. 2010). Klym urges us to reexamine that holding in light of *Kucana v. Holder*, 558 U.S. 233 (2010) (holding that federal courts have jurisdiction to review BIA denials of timely motions to reopen removal proceedings), but *Gor* already considered and rejected the argument that Klym makes here. 607 F.3d at 188; *see also Kucana*, 558 U.S. at 251 n.18 ("We express no opinion on whether federal courts may review the [BIA's] decision not to reopen removal proceedings *sua sponte*."). While we have acknowledged that *Kucana* casts doubt on this court's precedent stating that we have no jurisdiction to review denials of requests to reopen removal proceedings sua sponte, *Gor*, 607 F.3d. at 191; *see also id.* at 196 (Cole, J., concurring) (explaining why *Kucana* "indicates that this precedent is in error"), that rule remains the law of this court until the Supreme Court of the United States or an en banc panel of this court reexamines the issue.

Klym contends that we can still remand this case to the BIA for reconsideration by adopting a rule from two of our sister circuits stating that "when presented with a BIA decision

rejecting a motion for *sua sponte* reopening, [a court] may exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise" and "remand to the BIA so it may exercise its authority against the correct 'legal background.'" *Pllumi v. Attorney Gen. of U.S.*, 642 F.3d 155, 160 (3d Cir. 2011) (citing *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009)). "On remand, the BIA would then be free to deny or grant reopening *sua sponte*, and we would have no jurisdiction to review that decision." *Id.*

Klym does not point to any legal errors in the BIA decision. Instead, she asserts that the ruling was so short and lacking in legal analysis that "it is impossible to determine whether or not the [BIA] made the decision to exercise its authority against the correct legal background." (Pet'r's Br. 15.) But Klym's position is that she has "exceptional circumstances" warranting sua sponte reopening, and the BIA's decision denying her motion cited to the correct legal standard governing the BIA's sua sponte authority and found that she had not demonstrated such an "exceptional situation." (BIA Decision, A.R. 3.) While the BIA failed to explain why Klym's situation was not exceptional, it appears that the decision was made against the correct "legal background." Thus remand would not be warranted even under our sister circuits' rule, so we need not decide whether this court should adopt that rule as well.

Accordingly, we dismiss Klym's petition for review for lack of jurisdiction.