*Fichera v. Sessions*

BIA
A012 850 842

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

PAOLO S. FICHERA,

> *Petitioner,*

> v.                                                      16-616
>                                                         NAC

JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Simone Bertollini, Paul F. O'Reilly, Law Offices of Simone Bertollini, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Assistant Attorney General; Shelley R. Goad, Assistant Director; Tim Ramnitz, Attorney, Office of Immigration

Litigation, United States
Department of Justice, Washington,
DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Paolo S. Fichera, a native and citizen of Italy, seeks review of a February 5, 2016, decision of the BIA denying his motion to reopen. *In re Paolo S. Fichera,* No. A012 850 842 (B.I.A. Feb. 5, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The petition for review is timely to challenge only the BIA's denial of reopening, which we review for abuse of discretion. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001); *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We find no abuse of discretion here. An alien may move to reopen within 90 days of the final removal order. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c). The motion to reopen must be based on new evidence that was not previously available. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(1). And although the BIA may exercise its authority to reopen sua sponte, 8 C.F.R. § 1003.2(a), we lack jurisdiction to review

2

the agency's denial of sua sponte reopening because such a decision is "entirely discretionary," *Ali*, 448 F.3d at 518.

Fichera's October 2015 motion to reopen was untimely filed more than two years after the September 2013 removal order. 8 U.S.C. § 1229a(c)(7)(C)(i). It does not fall into a statutory or regulatory exception to the time limitation for motions to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). Fichera asserted that the time to file his motion should be equitably tolled based on the Supreme Court's April 2013 decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), and Connecticut's amendment of its marijuana laws. This argument is misplaced. Even assuming timeliness, the BIA denied reopening for lack of new evidence. *INS v. Abudu*, 485 U.S. 94, 104 (1988). These legal developments are not new evidence and could have been raised in Fichera's original proceedings or motion to reconsider. Furthermore, neither development changes the outcome of Fichera's case because neither his removal order, nor the denial of relief, was based on a marijuana conviction. Fichera was ordered removed based on his 1997 conviction for possession of narcotics and his 2000 burglary conviction. And the agency denied relief from removal based solely on the burglary conviction.

Given the untimely filing and lack of new evidence, the only basis for reopening was the BIA's decision not to exercise its authority to reopen sua sponte, which we lack jurisdiction to review. *Ali*, 448 F.3d at 518. While we have remanded where the BIA misperceived the law, that is not the case here. *Mahmood v. Holder*, 570 F.3d 466, 471 (2d Cir. 2009). The BIA did not find Fichera ineligible for relief; it merely concluded that there were no exceptional circumstances warranting sua sponte reopening.

Our recent decision in *Harbin v. Sessions*, 860 F.3d 58 (2d Cir. 2017), may provide Fichera with a separate basis to challenge the controlled substance ground of removability. We express no opinion on the merits of such a challenge, which must be raised before the BIA in the first instance.

We have considered Fichera's remaining arguments and found them to be without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4