# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-60096
Summary Calendar

BISI AKINSOWON

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 598 257

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bisi Akinsowon petitions for review of the final order of the Board of Immigration Appeals (BIA) denying her motion to reopen immigration proceedings. The BIA denied the motion to reopen on the ground that Akinsowon had overstayed her period of voluntary departure and therefore was statutorily ineligible for the relief sought. See 8 U.S.C. § 1229c(d). We review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the BIA's denial of a motion to reopen for abuse of discretion. Banda-Ortiz v. Gonzales, 445 F.3d 387, 388 (5th Cir. 2006).

Akinsowon argues that her timely motion to reopen avoided imposition of the § 1229c(d)(1)(B) bar to eligibility for adjustment of status. She further argues that her statutory right to adjustment and the merit of her adjustment application trumps the § 1229c(d)(1)(B) bar. Akinsowon's argument is without merit. See Dada v. Mukasey, 128 S. Ct. 2307, 2318-19 (2008).[1] In this matter, Akinsowon became ineligible to adjust her status because she failed to depart the United States within the 60-day voluntary departure period, which expired while her motion to reopen was pending. See § 1229c(d)(B). Accordingly, the BIA did not abuse its discretion in denying her motion to reopen. See Banda-Ortiz, 445 F.3d at 391; § 1229c(d)(B).

PETITION FOR REVIEW DENIED.

---

[1] We note that, after Dada was decided, a new rule was promulgated, effective January 20, 2009. 8 C.F.R. § 1240.26(e)(1)(2009). Under this new rule, a grant of voluntary departure is automatically terminated by the filing of a motion to reopen or reconsider prior to the expiration of the time for departure. Id. However, because this new rule, by its own terms, is not to be applied retroactively, it does not inure to Akinsowon's benefit here. See Voluntary Departure: Effect of a Motion to Reopen or Reconsider or a Petition for Review, 73 Fed. Reg. 76927, 76937 (Dec. 18, 2008)(stating that the new rule is not to be applied retroactively).