07-5656-ag
Mahmood v. Holder

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

———————

August Term, 2008

(Argued:    November 24, 2008          Decided: April 1, 2009
                                       Amended: June 25, 2009)

Docket No. 07-5656-ag

———————————

Tahir Mohammad Mahmood,

*Petitioner*,

− v. −

Eric H. Holder, Jr., Attorney General,

*Respondent*.[1]

———————————

Before: WINTER, WALKER, and CALABRESI, *Circuit Judges*.

Petition for review of a decision by the Board of Immigration Appeals ("BIA") denying petitioner's motion to reopen his removal proceedings following expiration of the period for voluntary departure.  The BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this opinion.

Usman B. Ahmad, Long Island City, N.Y., *for Petitioner* (*on submission*).

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., *for Respondent* (*on submission*).



CALABRESI, *Circuit Judge*:

Tahir Mohammad Mahmood, a native and citizen of Pakistan, was granted voluntary departure. Prior to the expiration of the period of voluntary departure, but more than ninety days after the final order of removal was issued, Mahmood filed a motion to reopen his removal proceedings based on his marriage to a U.S. citizen. The immigration judge ("IJ") denied the motion both as untimely and because petitioner, having failed to depart within the period for voluntary departure, was barred from seeking adjustment of status. The Board of Immigration Appeals ("BIA") affirmed the dismissal on the same grounds. Mahmood petitions this Court, arguing, *inter alia*, that the Agency erred in failing to reopen his removal proceedings *sua sponte*. For the reasons that follow, we conclude that because (a) the Agency incorrectly assumed that Mahmood's failure to depart timely from the United States conclusively barred an adjustment of his status, and, on this basis, (b) may have declined to consider whether to exercise its discretionary *sua sponte* authority, it is appropriate to remand to the Agency for reconsideration.[2]

---

[2] Following the initial filing of this opinion on April 1, 2009, the Government requested that we amend our opinion. The Government asserted that the BIA lacked authority to reopen *sua sponte* Mahmood's removal proceedings in this instance because the BIA had not previously "rendered a decision" in Mahmood's case. (Gov't mot. 4 (quoting 8 C.F.R. § 1003.2(a))). The Government further averred that it was up to the IJ to decide whether to reopen *sua sponte*. The Government may well be correct on this point. As this issue was not briefed to us, however, we believe the better course is simply to refer to "the Agency" in this opinion, rather than to the BIA or IJ more specifically. We remand to the BIA for the appropriate relief, including remand to the IJ if appropriate.

**BACKGROUND**

Mahmood arrived in the United States on November 20, 1998 on a non-immigrant temporary visa. On May 2, 2003, the Department of Homeland Security ("DHS") initiated removal proceedings against Mahmood.

On July 10, 2003, Mahmood married Juanita Lopez, a U.S. citizen. Lopez thereafter filed a visa Petition for Alien Relative (Form I-130) with DHS on behalf of Mahmood. Mahmood simultaneously applied for adjustment of status and employment authorization. On April 4, 2006, DHS denied Lopez's visa petition, concluding that Lopez and Mahmood failed to show that their marriage was not "entered into for the purpose of evading the immigration laws." *See* 8 C.F.R. § 204.2(a).

On February 14, 2007, prior to completion of Mahmood's removal proceedings, the Immigration Judge (Chase, *I.J.*) granted Mahmood 120 days, or until June 14, 2007, to depart the United States voluntarily. The IJ entered an alternative order of removal to Pakistan.

On May 14, 2007, shortly after his divorce from Lopez was finalized, Mahmood married Brittany Adair, a U.S. citizen. Thereafter, on June 5, 2007, Mahmood filed a motion to reopen his removal proceedings, asserting that he was eligible for adjustment of status as a result of this marriage. Mahmood explained that Adair had filed a Petition for Alien Relative (Form I-130) on his behalf on May 30, 2007. Mahmood's motion to reopen requested "that the Court Reopen these proceedings based upon marriage to a U.S. Citizen and set a date for a master calendar hearing for [Mahmood] to provide to the Court proof of his eligibility to Adjust Status." Mahmood's motion to reopen also requested a stay of voluntary departure, and stated Mahmood's belief that the filing of a motion to reopen would automatically toll the date for his voluntary departure. In an affidavit submitted with his motion to reopen, Mahmood asserted that

his attorney had not fully explained the meaning of voluntary departure, and that he would not have agreed to voluntary departure had he understood its terms.

On June 19, 2007, the IJ denied Mahmood's motion to reopen for two reasons: (1) Mahmood's motion to reopen was untimely, and (2) Mahmood was barred from adjusting his status for ten years because he had failed to depart the United States by June 14, 2007. *In re Mahmood*, No. A95 961 997 (Immig. Ct. N.Y. City June 19, 2007), *aff'd*, No. A95 961 997 (B.I.A. Nov. 29, 2007). The IJ relied on 8 C.F.R. § 1003.23(b)(3) in finding Mahmood's motion to reopen untimely, and on *Matter of Shaar*, 21 I. & N. Dec. 541 (B.I.A. 1996), in concluding that the filing of a motion to reopen does not stay the bar on relief for one who overstays the period of voluntary departure.

Mahmood appealed the IJ's decision to the BIA, arguing that the IJ erred in denying his motion to reopen. In his appeal, Mahmood focused primarily on the IJ's conclusion that failing to depart the United States by June 14 barred his adjustment of status. Mahmood maintained that his filing of a motion to reopen prior to the expiration of the period of voluntary departure tolled that period until the motion could be adjudicated. Mahmood also argued that the IJ erred in refusing to reopen his proceedings *sua sponte*.

On November 29, 2007, the BIA, in a one-judge per curiam order, dismissed Mahmood's appeal. *In re Mahmood*, No. A95 961 997 (B.I.A. Nov. 29, 2007). The BIA recounted the two bases articulated by the IJ for denying the motion to reopen, and then stated, "We are in agreement with the decision of the Immigration Judge . . . ." The BIA also noted that the Supreme Court had granted *certiorari* to decide the question of whether the filing of a motion to reopen automatically tolls the voluntary departure period. Pending that decision, however, the BIA observed that *Matter of Shaar* remained good law in the Second Circuit, and so Mahmood's filing of a motion to reopen did not toll the period of voluntary departure.

**DISCUSSION**

"Where, as here, the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA." *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). We examine *de novo* questions of law and applications of law to undisputed fact. *See Chambers v. Office of Chief Counsel*, 494 F.3d 274, 277 (2d Cir. 2007).

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). But we are without jurisdiction to review the Agency's failure to reopen removal proceedings *sua sponte*. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) (per curiam); *see also* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1).

An alien seeking to reopen proceedings must file an appropriate motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). An IJ's administrative order of removal becomes final upon waiver of appeal. *See* 8 C.F.R. §§ 1003.39, 1240.14; *see also Thapa v. Gonzales*, 460 F.3d 323, 333 (2d Cir. 2006) (concluding that orders of voluntary departure that include alternate orders of removal are final orders for purposes of judicial review). In this case, the IJ's February 14, 2007 order granted Mahmood voluntary departure and also entered an alternate order of removal. Mahmood's motion to reopen was filed on June 5, 2007 and was therefore untimely.

The untimeliness of a motion to reopen may be excused in certain circumstances. *See* 8 C.F.R. § 1003.2(c)(3); 8 C.F.R. § 1003.23(b)(4). In addition, the Agency has discretion to reopen removal proceedings *sua sponte*. *See* 8 C.F.R. § 1003.2(a), 1003.23(b)(1). Because Mahmood's untimely motion to reopen was not excused by any regulatory exception, his motion to reopen could only be considered upon exercise of the Agency's *sua sponte* authority.

Mahmood petitions this Court for review of the Agency's decision, arguing in part that the Agency erred in failing to exercise its *sua sponte* authority to reopen his removal

proceedings. We have no jurisdiction to consider this claim, because "[t]he decision to grant or deny a motion to reopen . . . is [solely] within the discretion of the" Agency. *Ali*, 448 F.3d at 518; 8 C.F.R. § 1003.2(a), 1003.23(b)(1). But it is at best unclear whether the Agency declined to exercise its *sua sponte* authority to reopen Mahmood's removal proceedings because it believed that doing so would be futile, as on the Agency's understanding of the law, Mahmood would still be automatically barred from seeking adjustment of status even if the untimeliness of his petition were excused. And where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate.

What, then, is the correct legal framework to apply to Mahmood's motion to reopen his immigration proceedings?

Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009-546, an alien granted voluntary departure must depart within the period prescribed by immigration officials. *See* 8 U.S.C. § 1229c(b)(2). Failure to depart within that time renders an alien ineligible for many forms of relief, including adjustment of status, for a period of ten years. *Id.* § 1229c(d)(1).

Last year, in *Dada v. Mukasey*, 128 S. Ct. 2307 (2008), the Supreme Court rejected the claim that the filing of a motion to reopen automatically tolls the period for voluntary departure. *Id.* at 2319 (finding no "statutory authority" for petitioner's argument that a motion to reopen automatically tolls the voluntary departure period). The Supreme Court also recognized, however, that individuals subject to voluntary departure must retain the right to pursue a motion to reopen. *Id.* But, under the implementing regulations, departure from the United States effects a withdrawal of a pending motion to reopen. *See* 8 C.F.R. §§ 1003.2(d), 1003.23(b)(1). This

seemingly created a Catch 22. If a petitioner departed in accordance with the period for voluntary departure, he would be unable to pursue his motion to reopen; if, in order to pursue a motion to reopen, a petitioner did not depart within the period for voluntary departure, he would automatically be barred from many of the forms of relief he might seek, including adjustment of status.

Accordingly, "to safeguard the right" to move to reopen, *Dada* held that "the alien must be permitted to withdraw, unilaterally, a voluntary departure request before the expiration of the departure period, without regard to the underlying merits of the motion to reopen." *Dada*, 128 S. Ct. at 2319. The Supreme Court explained that, in permitting an individual unilaterally to withdraw from voluntary departure, the "alien has the option either to abide by the terms, and receive the agreed-upon benefits, of voluntary departure" (but lose the right to move to reopen), "or, alternatively, to forgo those benefits and remain in the United States to pursue an administrative motion" (such as the right to seek such a reopening of removal proceedings). *Id.* at 2319-20.

*Dada* did not answer the question of precisely what an alien must do to withdraw from voluntary departure. In *Dada*, the petitioner had filed both a motion to reopen and a motion to withdraw from voluntary departure. *Id.* at 2312. Mahmood's motion to reopen, by contrast, was accompanied by a request for a stay of departure and a statement that, had he understood the consequences of voluntary departure, he would not have agreed to it. Whether this sufficed to constitute a withdrawal from voluntary departure is, to date, an open question in this Circuit.

The Executive Office for Immigration Review ("EOIR")—since *Dada*, but on the basis of a proposed rule that preceded *Dada*—has issued a rule stating that the filing of any motion for reconsideration or reopening automatically terminates voluntary departure. *See Voluntary Departure: Effect of a Motion To Reopen or Reconsider or a Petition for Review*, 73 Fed. Reg.

76,927, 76,937 (Dec. 18, 2008) (codified at 8 C.F.R. § 1240.26(e)(1) (2009)). Curiously, the EOIR expressly stated that this new rule is to be applied prospectively only, and so it does not apply to Mahmood. *Id.* at 76,936; *cf. Bisi Akinsowon v. Holder*, No. 08-60096, 2009 U.S. App. LEXIS 2816, at *2, n.1 (5th Cir. Feb. 12, 2009). *Dada* makes clear, however, that since the filing of a motion does not toll the date for voluntary departure, aliens must be given some opportunity to forego voluntary departure. The EOIR's new rule provides this opportunity for those aliens who file motions for reconsideration or reopening after the rule's date of effectiveness. But *Dada*'s requirement that there be an opportunity to forego voluntary departure must also apply to aliens—like Mahmood—who filed before the rule was promulgated. The new rule therefore does not resolve Mahmood's case and others like it.

The question of what an alien who is in Mahmood's position—having indicated that he wishes to withdraw from voluntary departure in the period prior to both *Dada* and the amendment to 8 C.F.R. § 1240.26(e)(1)—must do to withdraw from voluntary departure is, we believe, best answered in the first instance by the BIA. Had the Agency known that, pursuant to the not yet pronounced holding of *Dada*, it could rule that Mahmood had successfully withdrawn from voluntary departure and hence was potentially eligible for adjustment of status, it might have exercised its *sua sponte* discretion to reopen Mahmood's removal proceedings in order to permit him to apply for such an adjustment. The error made by the Agency was not in declining to exercise its discretionary *sua sponte* authority—a decision we cannot review—but, rather, in assuming that Mahmood was inevitably barred from pursuing adjustment of status by his failure to depart voluntarily on time. This error could well have led the agency to believe that any consideration of its possible exercise of *sua sponte* discretion was futile.

The error was more than understandable because *Dada* had not yet issued at the time of the BIA's or IJ's decision. But it was error nonetheless. We therefore vacate the BIA's order,

and remand Mahmood's case to the BIA to give the BIA—or the IJ, if that is the most appropriate decision-maker in the first instance—the opportunity to consider, in view of the current relevant law, whether it would still decline to exercise its *sua sponte* authority to reopen Mahmood's removal proceedings. We note that Mahmood did more than simply file a motion to reopen, and so the Agency may choose to treat Mahmood's filings as abating voluntary departure under *Dada* even if, in other cases, it were to choose not to apply retroactively its new rule that *any* reconsideration or reopening motion automatically terminates voluntary departure. We also, of course, recognize that the Agency can, on remand, choose not to exercise its *sua sponte* authority, regardless of whether Mahmood's filing of a motion to reopen and accompanying affidavit constituted withdrawal from voluntary departure. And we repeat that such a decision would be unreviewable by us. *Ali*, 448 F.3d at 518.

For these reasons, we GRANT the petition for review, VACATE the BIA's order, and REMAND the case to the BIA for further proceedings consistent with this opinion.