Jiang v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges*.

_____

| | |
|---|---|
| MING ZHING JIANG, AKA KHOAN QUOC GIANG v. HOLDER, A077 994 474 | 10-625 |

_____

| | |
|---|---|
| JIN QIU JIANG v. HOLDER, A095 648 663 | 11-2261 |

_____

| | |
|---|---|
| XIA DONG, MIN JIANG v. HOLDER, A096 266 560 A073 176 882 | 11-2980 (L) 11-3043 (Con) |

_____

| | |
|---|---|
| SHUN ZHOU CHEN, AKA MING TUNG LEE v. HOLDER, A078 066 264 | 11-3695 |

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA either affirming a decision of an Immigration Judge ("IJ") denying a motion to reopen or denying a motion to reopen in the first instance.  The applicable standards of review are well-established.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90-91 (2d Cir. 2001).

Petitioners, all natives and citizens of China, filed motions to reopen based on claims that they fear persecution because they have had one or more children in violation of China's population control program.  For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's decisions.  *See id.* at 158-72.

Furthermore, in *Ming Zhing Jiang v. Holder*, No. 10-625 **(1)**, we lack jurisdiction to review the agency's discretionary decision declining to reopen proceedings *sua sponte*.  *See Mahmood v. Holder*, 570 F.3d 466, 469-70 (2d Cir. 2009).  In *Xia Dong, Min Jiang v. Holder*, 11-2980 (L),

2

07012013-1-4

11-3043 (Con) **(3)**, the BIA reasonably concluded that Petitioners failed to demonstrate their *prima facie* eligibility for relief on account of their religion. *See Jian Hui Shao*, 546 F.3d at 169-72. In *Shun Zhou Chen v. Holder*, 11-3695 **(4)**, we find no error in the BIA's conclusion that the Petitioner failed to demonstrate materially changed country conditions regarding the treatment of Catholics in China that would excuse the untimely filing of his motion. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also Jian Hui Shao*, 546 F.3d at 169-72.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk