Chowdhury v. Holder

BIA
A093 332 598

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand fourteen.

PRESENT:
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

ALAMGIR CHOWDHURY,

        *Petitioner,*

        v.                                          13-1106
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

        *Respondent.*

_____

FOR PETITIONER:        Salim Sheikh, New York, New York.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Edward C. Durant, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alamgir Chowdhury, a native and citizen of Bangladesh, seeks review of the BIA's February 28, 2013 decision denying his motion to reopen. *In re Alamgir Chowdhury*, No. A093 332 598 (B.I.A. Feb. 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

It is undisputed that Chowdhury's motion to reopen, filed one day beyond the 90-day period for reopening, was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This period may be tolled if the alien can demonstrate ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). To benefit from equitable tolling, the alien must demonstrate, among other

requirements, prejudice as a result of counsel's incompetent performance. *Id.* at 130-31.

The BIA did not abuse its discretion in denying Chowdhury's motion to reopen, because Chowdhury's many arguments that counsel was incompetent failed to establish prejudice. First, Chowdhury argues that counsel was ineffective for failing to present sufficient evidence of his continuous physical presence or good moral character. The BIA correctly ruled that any failure of counsel to develop those factors did not prejudice Chowdhury, because the agency assumed those factors were met and denied his application solely for failure to establish hardship.

Second, Chowdhury argues that counsel failed to warn him about cross-examination, causing his testimony to appear "untrustworthy." But again he cannot show prejudice, because the IJ did not find that Chowdhury lacked credibility.

Third, Chowdhury argues that his former counsel should have elicited testimony regarding the hardship his wife would suffer if she accompanied him to Bangladesh. As the BIA observed, Chowdhury and his wife testified "unequivocally" at his merits hearing that she would *not*

return to Bangladesh, making any missing evidence of hardship in Bangladesh irrelevant.

Fourth, he faults his counsel for not further developing the record regarding his wife's future hardship if she remained in the United States after his removal, particularly her health issues, her troubled former marriage, and her difficulties with household chores. But these issues were in fact developed below, through his wife's testimony and affidavit. Chowdhury himself concedes that the IJ elicited testimony on these issues and he presents no new facts unavailable during the initial hearing.

Because the BIA did not abuse its discretion in denying Chowdhury's motion to reopen as untimely, we need not reach the BIA's alternative findings. As to Chowdhury's new claim that the BIA should have exercised its authority to reopen *sua sponte*, this Court lacks jurisdiction to review the BIA's exercise of its *sua sponte* authority absent alleged errors of law. *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk