Osio-Gatica v. Barr

BIA
Ruehle, IJ
A205 021 921

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PETER W. HALL,
>> *Circuit Judges.*

_____

JUAN RAUL OSIO-GATICA,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

18-1
NAC

_____

| | |
|---|---|
| **FOR PETITIONER:** | Stephen K. Tills, Orchard Park, NY. |
| **FOR RESPONDENT:** | Joseph H. Hunt, Assistant Attorney General; Justin R. Markel, Senior Litigation Counsel; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Raul Osio-Gatica, a native and citizen of Mexico, seeks review of a December 7, 2017, decision of the BIA affirming a July 14, 2017, decision of an Immigration Judge ("IJ") denying Osio-Gatica's motion to reopen his removal proceedings. *In re Juan Raul Osio-Gatica,* No. A205 021 921 (B.I.A. Dec. 7, 2017), *aff'g* No. A205 021 921 (Immig. Ct. Buffalo Jul. 14, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Osio-Gatica's argument that the agency lacked jurisdiction over his removal proceedings because his notice to appear did not include a hearing date is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110-12 (2d Cir. 2019).

As to his motion to reopen, we have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d

2

515, 517 (2d Cir. 2006). The agency did not abuse its discretion in denying the motion because it was untimely and the basis for the motion—Osio-Gatica's partner's pregnancy—could have been raised previously.

First, the agency properly denied Osio-Gatica's motion as untimely filed. A "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). The IJ granted Osio-Gatica voluntary departure on February 22, 2017, with an alternate order of removal should he fail to depart by June 22, 2017. When Osio-Gatica did not depart on or before June 22, 2017, his February 2017 voluntary departure order converted to a final order of removal because he had waived appeal. *See* 8 C.F.R. § 1240.26(d); *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (holding that the 90-day period for reopening runs from the date of the voluntary departure order, not the date of departure); *see also Thapa v. Gonzales*, 460 F.3d 323, 333 (2d Cir. 2006) (concluding that orders of voluntary departure that include alternate orders of removal are final orders for purposes of judicial review). Osio-Gatica did not file a motion to reopen until July 3, 2017, more than 90 days after the February 2017 voluntary departure order. Accordingly,

the motion was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i).

Further, the agency did not abuse its discretion in determining that the evidence of Osio-Gatica's partner's pregnancy was not new or previously unavailable. "A motion to reopen will not be granted unless the . . . evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3). The supporting documentation that Osio-Gatica submitted reflected that his partner was about 3 months pregnant at the time of his final February 2017 hearing. Osio-Gatica does not explain why he did not raise the pregnancy at his February hearing. The agency therefore did not abuse its discretion in denying reopening because Osio-Gatica did not present new or previously unavailable evidence. *See* 8 C.F.R. § 1003.23(b)(3); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988) (requiring new and material evidence for reopening).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

4

Appellate Procedure 34(a)(2), and Second Circuit Local Rule

34.1(b).

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe,
                                   Clerk of Court