18-1711 (L)
Duncan v. Barr

BIA
A040 120 633

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

CLAUDE ALPHONSO DUNCAN, AKA
ALPHONSO DUNCAN,
> *Petitioner,*

v.                                                    18-1711(L),
                                                      18-2692(Con)
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Tiffany A. Javier, Kerry W. Bretz,
                        Bretz & Coven, LLP, New York, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney
                        General; Terri J. Scadron,
                        Assistant Director; Corey L.
                        Farrell, Attorney, Office of
                        Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Claude Alphonso Duncan, a native and citizen of Jamaica, seeks review of a May 8, 2018 decision of the BIA denying his motion to reopen his deportation proceedings and an August 13, 2018 decision of the BIA denying his motion to reconsider that decision. *In re Claude Alphonso Duncan,* No. A 040 120 633 (B.I.A. May 8 & Aug. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review a denial of a motion to reopen and reconsider for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69, 173 (2d Cir. 2008).

Motions to reopen proceedings where the agency entered a deportation order in absentia are governed by different rules depending on whether the movant seeks to rescind the order or reopen to present new evidence of eligibility for relief from removal. *See Song Jin Wu v. INS*, 436 F.3d 157, 163–64 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353–55 (B.I.A.

1998).  Accordingly, when, as here, "an alien files a single motion that seeks both rescission of an *in absentia* removal order . . . as well as reopening of removal proceedings" based on a claim of eligibility for relief, "we treat the motion as comprising distinct motions to rescind and to reopen." *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).  We review the denial of a motion to rescind an in absentia order under the same abuse of discretion standard applicable to motions to reopen.  *Id.* at 357; *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

Motion to Rescind

The agency may rescind an in absentia order if the alien demonstrates that he lacked notice of the hearing or, if rescission is requested within 180 days, "if the alien demonstrates that the failure to appear was because of exceptional circumstances."  8 U.S.C. § 1229a(b)(5)(C)(i); *see* 8 C.F.R. § 1003.23(b)(4)(ii).  The agency did not abuse its discretion in denying Duncan's motion to rescind.

As the BIA found, Duncan received notice of his September 24, 1990 hearing.  The record shows that a telephonic hearing was held on September 17, 1990, in which Duncan participated. The IJ stated that the hearing would be adjourned to September

3

24, and confirmed the date and location with Duncan, and Duncan indicated that he understood. A hearing notice was sent to his attorney, who attended the September 24 hearing. Because Duncan received both oral notice directly and written notice through his attorney, he failed to show lack of notice. *See* 8 U.S.C. § 1229a(b)(5)(A) ("Any alien who, after written notice . . . has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia . . . ."). Accordingly, the BIA did not abuse its discretion by declining to rescind Duncan's deportation order. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) ("An abuse of discretion may be found . . . where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." (internal citations omitted)).

Duncan argues that the BIA abused its discretion by faulting him for not arguing lack of notice in his pro se appeal of the in absentia order in 1990. However, Duncan's only statements in his appeal were that he was recovering

4

from drug addiction, and he wanted his criminal case dismissed and to remain with his children. Accordingly, the BIA did not misstate the record. Moreover, Duncan has not alleged how this statement shows error in the BIA's decision: reopening required either a showing of lack of notice, as discussed above, or the filing of a timely motion to reopen, which, as discussed below, did not happen.

Motion to Reopen

A "motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) . . . must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2); *see also* 8 U.S.C. § 1229a(c)(7)(C)(i). It is undisputed that Duncan's June 2018 motion to reopen, filed over two decades after the BIA's 1992 dismissal of his appeal of the in absentia order, was untimely. Although the time for filing may be tolled for ineffective assistance of counsel, Duncan did not raise such a claim and would have had to establish that he diligently pursued his ineffective assistance claim during the more than two-decade period he would have to toll.

5

*See Rashid v. Mukasey*, 533 F.3d 127, 130, 132–33 (2d Cir. 2008) (petitioner who waited a year and a half after adverse BIA decision did not demonstrate due diligence). Duncan's purported eligibility for a waiver of deportation does not implicate any exception to the time limit for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (providing exception for asylum applications based on changed conditions); 8 C.F.R. § 1003.2(c)(3) (listing exceptions); *cf. Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen").

Motion to Reconsider

The BIA did not abuse its discretion in denying the motion to reconsider. A motion for reconsideration must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1). As discussed above, the BIA did not err in declining to rescind the in absentia order or reopen proceedings.

Duncan argues that reconsideration is warranted because his due process rights were violated during his 1990 hearings. Duncan's challenges, however, are to the 1990 proceedings and with the BIA's 1992 decision and thus were not timely raised in his motion to reconsider the 2018 denial of reopening. *See* 8 C.F.R. § 1003.2(b)(2) (a motion to reconsider must be filed within 30 days after the mailing of the BIA decision).

Sua Sponte Reopening

Lastly, while a motion asking the agency to exercise its sua sponte authority to reopen may be granted outside any time period for filing motions to rescind or reopen, *see* 8 C.F.R. § 1003.2(a), we lack jurisdiction to review a decision declining to reopen sua sponte, *see Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Although we may remand if the agency "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), the BIA did not misperceive the law or even address Duncan's eligibility for relief, it simply found no exceptional circumstances warranting reopening.

7

For the foregoing reasons, the petitions for review are DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court