Lin v. Barr

BIA
A075 780 271

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

TINGYI LIN, AKA TING JIANG LIN, AKA CADY JIANG,
> *Petitioner,*

> v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

19-85
NAC

| | |
|---|---|
| **FOR PETITIONER:** | Richard Tarzia, Belle Mead, NJ. |
| **FOR RESPONDENT:** | Ethan P. Davis, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Maarja T. Luhtaru, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tingyi Lin, a native and citizen of the People's Republic of China, seeks review of a December 14, 2018, decision of the BIA denying her motion to reopen and terminate her removal proceedings. *In re Tingyi Lin,* No. A075 780 721 (B.I.A. Dec. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Before the BIA, Lin moved to reopen and terminate her removal proceedings, arguing that the time limit for filing her motion should be excused and that her notice to appear ("NTA") was insufficient to commence removal proceedings under the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because it did not contain a hearing date or time.

It is undisputed that Lin's 2018 motion to reopen was untimely because it was filed more than nine years after her

2

removal order became final in 2009. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Lin argues that the BIA should have excused the time limit given the intervening decision in *Pereira*, 138 S. Ct. 2105, under which her NTA was insufficient to place her in removal proceedings. Because Lin's *Pereira* argument is without merit, as discussed below, the BIA did not err in declining to either excuse the time limitation based on that decision or exercise its authority to reopen sua sponte. *See* 8 C.F.R. § 1003.2(c)(3) (listing exceptions to the time limitation); *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (noting that an untimely motion may be considered under the agency's sua sponte authority, we lack jurisdiction to review such decision, but we may remand if the agency misperceived the law).

In *Pereira*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires an NTA to include a hearing time and place to trigger the "stop-time rule," 138 S. Ct. at 2113–20, which cuts off a noncitizen's accrual of physical presence or residence for the purposes of qualifying for cancellation of removal, *see* 8 U.S.C. § 1229b(a), (b),

3

(d)(1).  Lin does not challenge her accrual of physical presence or the application of the stop-time rule, but instead argues that *Pereira* also invalidates an NTA, like hers, that omitted the hearing information and contends that the NTA was thus insufficient to vest the immigration court with jurisdiction over her removal proceedings.  We have rejected this argument, holding that *Pereira* addresses a narrow question regarding the stop-time rule and does not "void *jurisdiction* in cases in which an NTA omits a hearing time or place."  *Banegas Gomez v. Barr*, 922 F.3d 101, 110 (2d Cir. 2019) (emphasis in original).  As we have noted, the regulation vesting jurisdiction does not require an NTA to specify the time and date of the initial hearing, "at least so long as a notice of hearing specifying this information is later sent to the alien."  *Id.* at 112.

Although Lin's 2005 NTA did not specify the date and time of her initial hearing, she unquestionably received notice of her hearings at which she appeared.  Therefore, Lin's argument that her NTA was insufficient to commence removal proceedings is foreclosed by *Banegas Gomez*, 922 F.3d at 110, 112.

4

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court