Chen v. Barr

BIA
A076 506 357

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
>      *Circuit Judges.*

_____

XING YING CHEN,
>      *Petitioner,*

v.                                                   19-2658
                                                     NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General;
                         Anthony C. Payne, Assistant
                         Director; Judith R. O'Sullivan,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Ying Chen, a native and citizen of the People's Republic of China, seeks review of an August 5, 2019, decision of the BIA denying his second motion to reopen. *In re Xing Ying Chen,* No. A076 506 357 (B.I.A. Aug. 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Before the BIA, Chen moved to reopen and terminate his removal proceedings, arguing that the time limit for filing his motion should be excused and that his notice to appear ("NTA") was insufficient to commence removal proceedings under the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because it did not contain a hearing date or time.

It is undisputed that Chen's 2018 motion to reopen was untimely and number barred because it was his second motion

2

filed more than 15 years after his removal order became final in 2003. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Chen argues that the BIA should have excused the time limit given the intervening decision in *Pereira*. Chen's *Pereira* argument is without merit, and the BIA did not err in declining either to excuse the time limitation based on that decision or to exercise its authority to reopen sua sponte. *See* 8 C.F.R. § 1003.2(c)(3) (listing exceptions to the time limitation); *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (an untimely motion may be considered under the agency's sua sponte authority, but we lack jurisdiction to review such decision other than to remand if the agency misperceived the law).

In *Pereira*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires an NTA to include a hearing time and place to trigger the "stop-time rule," 138 S. Ct. at 2113–20, which cuts off a noncitizen's accrual of physical presence or residence for the purposes of cancellation of removal, *see* 8 U.S.C. § 1229b(a), (b), (d)(1). Chen does not challenge his accrual of physical presence, but instead argues that his NTA, which omitted the

hearing information, was insufficient to vest the immigration court with jurisdiction over his removal proceedings. We have rejected this argument. *Pereira* addresses a narrow question regarding the stop-time rule and does not "void jurisdiction in cases in which an NTA omits a hearing time or place." *Banegas Gomez v. Barr*, 922 F.3d 101, 110 (2d Cir. 2019). The regulation vesting jurisdiction does not require an NTA to specify the time and date of the initial hearing, "at least so long as a notice of hearing specifying this information is later sent to the alien." *Id.* at 112.

Although Chen's 2000 NTA did not specify the date and time of his initial hearing, he unquestionably received notice of his hearings at which he appeared. Therefore, Chen's argument is foreclosed by *Banegas Gomez*, 922 F.3d at 110, 112.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4