22-6518
Egemba v. Garland

BIA
A096 773 435

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty-four.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

KENNETH CHINASA EGEMBA,
> *Petitioner,*

v.                                                                22-6518
                                                                 NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Yoram Nachimovsky, New York, NY.

**FOR RESPONDENT:**   Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Kenneth Chinasa Egemba seeks review of an October 4, 2022, decision of the BIA denying his motion to reopen his removal proceedings. *In re Kenneth Chinasa Egemba,* No. A096 773 435 (B.I.A. Oct. 4, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). In his motion to reopen, Egemba asserted that he was eligible to apply to adjust to lawful permanent resident status based on an approved visa petition filed by his U.S. citizen spouse.

It is undisputed that Egemba's 2022 motion was untimely because he filed it more than five years after his removal order became final in 2016. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline for reopening); 8 C.F.R. § 1003.2(c)(2)

2

(same). Egemba did not invoke any statutory exception to the deadline, and his purported eligibility to adjust status based on his marriage to a U.S. citizen does not fall within an exception to the time limit. *See* 8 U.S.C. § 1229a(c)(7)(C) (identifying exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("emphasiz[ing] that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board and will ordinarily be denied"). Accordingly, we deny the petition to the extent it challenges the denial of his motion to reopen as untimely.

Because Egemba did not demonstrate that the time limit should be excused, "his motion to reopen could only be considered upon exercise of the [BIA's] sua sponte authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings sua sponte and dismiss the petition to that extent. *Li Chen v. Garland*, 43 F.4th 244, 251–54 (2d Cir. 2022) (quotation marks omitted). Although we may remand for reconsideration "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *id.* at 253 (quoting

3

*Mahmood*, 570 F.3d at 469), the BIA did not misperceive the law here. Indeed, the BIA did not find that Egemba was ineligible to adjust status but rather explained, in accordance with its precedent, that his potential eligibility for relief acquired by marrying a U.S. citizen several years after being ordered removed did not constitute an exceptional circumstance warranting sua sponte reopening. *See In re G-D-*, 22 I. & N. Dec. 1132, 1133–34 (B.I.A. 1999) ("As a general matter, we invoke our sua sponte authority sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly *exceptional* situations." (emphasis added)); *see also Matter of H-Y-Z-*, 28 I. & N. Dec. 156, 161 (B.I.A. 2020) ("[E]quities that were acquired while [the movant] remained illegally in the United States after being ordered removed . . . generally do not constitute such truly exceptional circumstances as to warrant discretionary reopening."); *cf. Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) ("[I]t would be ironic, indeed, if petitioners . . . who have remained in the United States illegally following an order of deportation[] were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid

4

deportation is not tolerated by the existing regulatory scheme.").

Further, there is no merit to Egemba's argument that he warranted discretionary reopening under *In re Velarde-Pacheco*, 23 I. & N. Dec. 253 (B.I.A. 2002). In that case, the BIA held that "a properly filed motion to reopen may be granted, in the exercise of discretion, to provide an alien an opportunity to pursue an application for adjustment where," among other factors, "the motion is timely filed." 23 I. & N. Dec. at 256. Because Egemba's motion to reopen was untimely, *Velarde-Pacheco* was inapplicable. *Id.*

Accordingly, because the Court lacks jurisdiction to the extent the petition challenges the BIA's decision declining to reopen sua sponte, the petition is dismissed in remaining part. *See Li Chen*, 43 F.4th at 252–54.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5