22-6584
*Dia v. Garland*

BIA
A077 547 961

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-four.

PRESENT:
> MICHAEL H. PARK,
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

SIDIGUI DIA,
> *Petitioner,*

v.                                                                          **22-6584**
                                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Sidigui Dia, pro se, Brooklyn, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Michele Y. F. Sarko, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Sidigui Dia seeks review of a November 29, 2022, decision of the BIA denying his fourth motion to reopen his removal proceedings.  *In re Sidigui Dia,* No. A077 547 961 (B.I.A. Nov. 29, 2022).   We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and any findings regarding changed country conditions for substantial evidence.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).   In his motion to reopen, Dia asserted that conditions in Guinea had worsened for members of his ethnic group and political party, and that these changes excused time and number limits on his motion.   He also asserted that he was eligible to apply to adjust to lawful permanent resident status based on an approved visa petition filed by his U.S. citizen child.

It is undisputed that Dia's 2021 motion was number-barred and untimely because it was his fourth motion to reopen and he filed it 19 years after his removal order became final in 2002. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (setting a 90-day deadline and one motion limit for reopening); 8 C.F.R. § 1003.2(c)(2) (same). The time and number limits do not apply, however, if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, [and] if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). In this case, the BIA did not err in finding that Dia failed to establish a material change in conditions in Guinea.

"When reviewing whether . . . evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)). The BIA reasonably found that the evidence Dia submitted did not establish a material change in Guinea since his 2001 hearing, but rather showed a continuation of decades-long ethnic and political violence and

3

intimidation. Dia did not submit evidence of conditions in Guinea at the time of his hearing in 2001, and the BIA incorporated its reasoning from its prior decision denying reopening, in which it determined that Dia had attested that members of his ethnic group and political opposition figures have been mistreated in Guinea since at least 1958.

Because Dia did not demonstrate that the time and number limits should be excused, "his motion to reopen could only be considered upon exercise of the [BIA's] *sua sponte* authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings *sua sponte* and must dismiss the petition to the extent that it raises such a challenge. *Li Chen v. Garland*, 43 F.4th 244, 251–54 (2d Cir. 2022).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4