Purba v. Barr

BIA
A096 423 812

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of September, two thousand twenty.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> MICHAEL H. PARK,
>    *Circuit Judges.*

_____

TUMBOR GOLDO ROY PURBA, AKA TUMBOR
G.R. PURBA,
>    *Petitioner,*

>    v.                                    18-824
>                                          NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        H. Raymond Fasano, New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney
                       General; Anthony P. Nicastro,
                       Assistant Director; Jonathan
                       Robbins, Senior Litigation

Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tumbor Goldo Roy Purba, a native and citizen of Indonesia, seeks review of a February 27, 2018, decision of the BIA denying his motion to reopen his removal proceedings. *In re Tumbor Goldo Roy Purba,* No. A 096 423 812 (B.I.A. Feb. 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion to reopen for abuse of discretion and the BIA's country conditions determination for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An alien seeking to reopen may file one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Purba filed his 2017 motion to reopen more than a decade after the BIA's final administrative decision. However, the 90-day time limitation

2

does not apply where the motion seeks asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). Substantial evidence supports the BIA's conclusion that Purba did not establish a material change in conditions for Christians in Indonesia.

As the BIA found, the country conditions evidence reveals that discrimination against Christians has been a longstanding problem. The evidence presented in the record at the time of Purba's hearing before an immigration judge in 2004 reported the mistreatment of minority religions, the existence of political parties advocating for nationwide

3

adoption of Sharia law, limited freedom of expression regarding religious differences, and instances of religiously motivated extremism and violence. The evidence Purba submitted in 2017, including State Department Country Reports for Indonesia, news articles, and scholarly pieces, described discrimination against minority religions, campaigns and political support for adoption of Sharia law, restrictions on religious speech, and several instances of extremism and violence. Accordingly, the evidence reflected conditions for Christians similar to those at the time of the hearing. Because the country conditions evidence supports the BIA's conclusion that Purba failed to demonstrate a material worsening of conditions for Christians in Indonesia as needed to bypass the 90-day filing deadline for his motion, the BIA did not abuse its discretion in denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii).

While the BIA has regulatory authority to reopen proceedings sua sponte despite the time bar, 8 C.F.R. § 1003.2(a), we lack jurisdiction to review this "entirely discretionary" determination, *see Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). To the extent that Purba contends

that the BIA misstated the record, we find no misperception of the law that would allow remand.  *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) ("[W]here the [BIA] may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the [BIA] for reconsideration in view of the correct law is appropriate.").  The BIA did not state that reopening would necessarily fail; instead, it simply found that Purba had not established exceptional circumstances to warrant sua sponte reopening.  And it did not misperceive the law in connection with Purba's pending visa petition because Purba may pursue an unlawful presence waiver without first reopening his removal proceedings.  *See* 8 C.F.R. § 212.2(b)(1); USCIS, Provisional Unlawful Presence Waivers, available at https://www.uscis.gov/family/family-us-citizens/provisional-unlawful-presence-waivers ("If you have a final order of removal . . . , you can only obtain a provisional unlawful presence waiver if you have applied for, and we have already approved, Form I-212, Application for Permission to Reapply for Admission into the United States

After Deportation or Removal, at the time you file Form I-601A.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court