Lin v. Garland

BIA
A079 141 366

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-one.

PRESENT:
> GERARD E. LYNCH,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

BAI XIANG LIN,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

19-1856
NAC

_____

FOR PETITIONER: Margaret W. Wong, Esq., Margaret W. Wong & Assoc., LLC, Cleveland, OH.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Cindy S. Ferrier, Assistant Director;

Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Bai Xiang Lin, a native and citizen of the People's Republic of China, seeks review of a May 31, 2019, decision of the BIA denying his motion to reopen his removal proceedings. *In re Bai Xiang Lin,* No. A079 141 366 (B.I.A. May 31, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69, 173 (2d Cir. 2008). It is undisputed that Lin's 2018 motion to reopen was untimely and number barred because it was filed more than eight years after his removal order became final in 2009 and it was his fourth such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (providing for one motion to reopen

within 90 days of removal order); 8 C.F.R. § 1003.2(c)(2) (same).

Lin argued that, despite his untimely and number barred filing, the BIA should have reopened his removal proceedings in view of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Under *Pereira*, Lin's deficient notice to appear ("NTA"), which did not specify the date and time of his removal hearing, failed to trigger the "stop-time rule" (8 U.S.C. § 1229b(d)(1)). Accordingly, time continued to accrue towards the ten-year physical presence requirement for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A). The BIA concluded that Lin's defective NTA was perfected when he received a subsequent hearing notice providing the missing information, and the stop-time rule effectively barred the possibility of cancelling Lin's removal. The Supreme Court has since rejected the BIA's position, holding that an NTA that fails to specify the date and time of a hearing is not cured for purposes of the stop-time rule by a subsequent hearing notice that provides the missing information. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).

3

Although we generally lack jurisdiction to review the BIA's decision insofar as it declined to reopen proceedings sua sponte, *see Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), we may remand when, as here, the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4