Ou v. Garland

BIA
A200 181 403

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty-two.

PRESENT:
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

WENXIN OU,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

20-3944
NAC

---

FOR PETITIONER:
Meer M. M. Rahman, Esq., New York, NY.

FOR RESPONDENT:
Brian Boynton, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Mona Maria

Yousif, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Wenxin Ou, a native and citizen of the People's Republic of China, seeks review of a 2020 decision of the BIA denying her motion to reopen. *In re Wenxin Ou,* No. A 200 181 403 (B.I.A. Oct. 22, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We dismiss the petition for review. It is undisputed that Ou's 2020 motion to reopen was untimely: she filed it more than 5 years after her 2014 removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) ("[A] motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."). Ou requested reopening to pursue adjustment of status. Her request does not implicate any exceptions to the 90-day deadline for filing a motion to reopen. *See id.* § 1229a(c)(7)(C)(ii)-(iv) (listing

2

exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("emphasiz[ing] that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board and will ordinarily be denied").

Thus, Ou's motion necessarily relied on the BIA's discretionary authority to reopen her proceedings sua sponte. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *see also* 8 C.F.R. § 1003.2(a) (version in effect until Jan. 15, 2021). We generally lack jurisdiction to review the BIA's decision to deny reopening in these circumstances, because its decision is "entirely discretionary." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). We may exercise jurisdiction, grant such a petition, and remand only "where the [BIA] may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail." *Mahmood*, 570 F.3d at 469. This narrow exception does not apply here because the BIA did not rule on Ou's

3

eligibility to adjust; it simply found that she did not present an exceptional situation warranting a favorable exercise of discretion.

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4