Wilson v. Garland

BIA
A029 001 881

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-two.

PRESENT:
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges.**

_____

CLAUDETTE PATRICIA WILSON,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

20-73
NAC

_____

FOR PETITIONER:           Samuel Iroegbu, Esq., Albany, NY.

FOR RESPONDENT:           Jeffrey Bossert Clark, Acting Assistant Attorney General; Margaret Kuehne Taylor, Senior Litigation Counsel; Craig W. Kuhn,

_____

*Judge Robert A. Katzmann, who was a member of the original panel in this case, died before the panel issued a decision. Pursuant to Second Circuit Internal Operating Procedure E(b), the matter is being decided by the two remaining members of the panel.

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Claudette Patricia Wilson, a native and citizen of Jamaica, seeks review of a December 11, 2019 decision of the BIA denying her motion to reopen. *In re Claudette Patricia Wilson,* No. A029 001 881 (B.I.A. Dec. 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is clear that Wilson's 2019 motion to reopen was untimely and number-barred because it was her second motion and was filed 23 years after she was ordered to be deported, in 1996. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The

petition is denied to the extent it challenges the BIA's denial on this basis.

Because Wilson's motion was untimely and number-barred, "h[er] motion to reopen could only be considered upon exercise of the [BIA's] *sua sponte* authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings *sua sponte*. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). We will remand, however, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail." *Mahmood*, 570 F.3d at 469. Because Wilson has not demonstrated that the BIA misperceived the law, there is no occasion to remand here.

Wilson argues that, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), her order to show cause was insufficient to vest jurisdiction with the immigration judge or to stop time for purposes of establishing the period of physical presence required for her to be eligible for cancellation of removal. In *Pereira*, the Supreme Court held that the Immigration and

Nationality Act ("INA") unambiguously requires that a notice to appear include a hearing time and place for it to trigger the "stop-time rule." *Id.* at 2113-20. The "stop-time rule" cuts off a noncitizen's accrual of physical presence or residence for the purposes of qualifying for cancellation of removal. *See* 8 U.S.C. § 1229b(a), (b), (d)(1).

Upon review, we conclude that the BIA did not err in finding *Pereira* inapplicable to Wilson's proceedings. Wilson was in deportation proceedings (commenced by the filing of an order to show cause) and not in removal proceedings (commenced by service of a notice to appear). The INA did not require that an order to show cause designate a hearing time and place; rather, it permitted the time and place to be designated in a hearing notice served after service of the order to show cause. This is what occurred in Wilson's case. *See* 8 U.S.C. § 1252b(a)(1) (1994) (listing required contents of orders to show cause), (2)(A) (providing that time and place of proceedings may be provided "in the order to show cause *or otherwise*" in written notice (emphasis added)); *see also Pereira*, 138 S. Ct. at 2117 n.9 (recognizing that orders to show cause were not required to "include time-and-place

4

information"). Accordingly, the BIA did not misperceive the law in concluding that *Pereira* was not applicable.

Further, the BIA acted in line with its precedent and regulations insofar as it decided that Wilson's asserted eligibility to adjust to lawful permanent status more than two decades after issuance of her deportation order did not constitute exceptional circumstances warranting reopening *sua sponte*. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . will ordinarily be denied"); *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship.").

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5