Baez-Duran v. Garland

BIA
Ruehle, IJ
A095 421 281

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-three.

PRESENT:
　　　　DEBRA ANN LIVINGSTON,
　　　　　　　*Chief Judge,*
　　　　STEVEN J. MENASHI,
　　　　EUNICE C. LEE,
　　　　　　　*Circuit Judges.*

_____

JOSE RAMON BAEZ-DURAN,
　　　　*Petitioner,*

　　　　v.                                              20-3227
　　　　　　　　　　　　　　　　　　　　　　　　　　NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Reuben S. Kerben, Kew Gardens, NY.

FOR RESPONDENT:　　　　Brian Boynton, Principal Deputy Assistant Attorney General; Kohsei

Ugumori, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Jose Ramon Baez-Duran, a native and citizen of the Dominican Republic, seeks review of an August 26, 2020 decision of the BIA affirming an October 7, 2019 decision of an Immigration Judge ("IJ") denying his second motion to reopen. *In re Jose Ramon Baez-Duran,* No. A 095 421 281 (B.I.A. Aug. 26, 2020), *aff'g* No. A 095 421 281 (Immigr. Ct. Buffalo Oct. 7, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

Baez-Duran seeks review of his second motion to rescind or reopen, filed 17 years after being ordered removed in absentia. He does not allege that he meets the statutory

2

requirements of a motion to rescind or reopen. *See* 8 U.S.C. § 1229a(b)(5)(C), (c)(7). He instead invokes the agency's regulatory authority to reopen sua sponte despite the time and number limitations on his motion. *See* 8 C.F.R. §§ 1003.2(a), 1000.23(b)(1) (versions in effect until January 15, 2021). However, the agency's exercise of that authority is "entirely discretionary" and not subject to judicial review. *Li Chen v. Garland*, 43 F.4th 244, 252 (2d Cir. 2022) (quotation marks omitted).

There is one exception to the limit on our jurisdiction: "[W]here the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *see also Li Chen*, 43 F.4th at 253. However, there was no such misperception here. As the BIA found, Baez-Duran did not explain his failure to appear at his initial removal proceedings, he did not claim lack of notice or dispute his removability, his motion was untimely, and his application to adjust status did not provide a

3

statutory basis to reopen.  He does not allege error in the agency's conclusions about his eligibility for adjustment of status or waivers.  Moreover, contrary to Baez-Duran's assertions, the agency did not misperceive the law in concluding that hardship generally is not a sufficient basis for sua sponte reopening.  *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 131 (2d Cir. 2005) ("The BIA exercises its sua sponte authority sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DISMISSED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4