Bhojraj v. Garland

BIA
A073 611 363/364/365

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

TAJRAJ BHOJRAJ, GIBRYON GUSHAN BHOJRAJ, LUCY LILLAWATTIE PERSAUD,
> *Petitioners,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

22-6568
NAC

FOR PETITIONERS:                 Kai W. De Graaf, Esq., New York, NY.

FOR RESPONDENT:                 Brian Boynton, Principal Deputy Assistant
                                Attorney General; Paul Fiorino, Senior
                                Litigation Counsel; Kevin J. Conway, Trial
                                Attorney, Office of Immigration Litigation,
                                United States Department of Justice,
                                Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioners Tajraj Bhojraj, Gibryon Gushan Bhojraj, and Lucy Lillawattie Persaud, natives and citizens of Guyana, seek review of a December 12, 2022 decision of the BIA, denying their second motion to reopen, in which they sought reopening to apply to adjust status. *In re Tajraj Bhojraj et al.*, Nos. A073 611 363/364/365 (B.I.A. Dec. 12, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "An [applicant] may file one motion to reopen proceedings" and "the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A), (C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). It is undisputed that the

instant motion to reopen, filed in 2021, was untimely and number-barred because it was Petitioners' second motion to reopen, and they filed it more than twenty-three years after the removal order became final in 1997. Moreover, a motion to reopen to seek adjustment of status does not fall into any statutory or regulatory exception to the time and number limitations. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("[U]ntimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen . . . and will ordinarily be denied."); *cf.* 8 U.S.C. § 1229a(c)(7)(C)(ii) (identifying changed country conditions exception for asylum); 8 C.F.R. § 1003.2(c)(3)(ii) (same). Petitioners do not challenge these conclusions.

Instead, Petitioners challenge only the BIA's decision not to exercise its authority to reopen *sua sponte* under 8 C.F.R. § 1003.2(a). The BIA acknowledged its authority to reopen under Section 1003.2(a), but concluded that there was no "exceptional situation that warrant[ed] the exercise of [its] sua sponte reopening authority." Cert. Admin. R. at 3–4. We lack jurisdiction to review that "entirely discretionary" determination. *Ali*, 448 F.3d at 518; *see also Li Chen v. Garland*, 43 F.4th 244, 249 (2d Cir. 2022).

We may remand, however, if the BIA "misperceived the legal background" and denied *sua sponte* reopening based on an erroneous determination that a petitioner was not eligible for the relief sought, *i.e.*, that relief on "reopening would necessarily fail." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). However, here, there was no such misperception because the BIA did not find Petitioners ineligible to adjust. We otherwise lack jurisdiction to review their challenges to the BIA's conclusion that they failed to show exceptional circumstances.

Petitioners also argue that the BIA "misconstrued its own policy pronouncements and guidelines," because they are not a priority for enforcement under the internal guidelines of the Department of Homeland Security ("DHS"). Pet'rs' Br. at 27. However, as the BIA noted, authority to defer enforcement of removal orders or exercise *prosecutorial* discretion lies with DHS, not with the BIA. *See In re Bahta*, 22 I. & N. Dec. 1381, 1391–92 (B.I.A. 2000).

In sum, Petitioners have not challenged the BIA's finding that the motion to reopen was untimely and number-barred, and we lack jurisdiction to review the BIA's decision not to reopen *sua sponte*. *See Li Chen*, 43 F.4th at 252–54.

4

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court