Chen v. Bondi

BIA
A200 280 588

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

ZAI ZHU CHEN,
> *Petitioner,*

> v.                                             23-7732
>                                                NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Jason Jia, Esq., Jia Law Group, P.C., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zai Zhu Chen, a native and citizen of the People's Republic of China, seeks review of an October 20, 2023, decision of the BIA denying his motion to reopen his removal proceedings. *In re Zai Zhu Chen*, No. A200 280 588 (B.I.A. Oct. 20, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We generally review the BIA's denial of a motion to reopen for abuse of discretion and underlying factual findings for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), but we review de novo constitutional claims and questions of law, *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011). There is no dispute that Chen's motion to reopen was untimely because he filed it more than five years after his removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline). And his motion did not fall into a

statutory or regulatory exception to the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same). Contrary to his contention, the BIA did not err in declining to consider whether equitable tolling was warranted because he did not ask for such relief.

Regardless, as the BIA noted, Chen was not wrongly prevented from applying for cancellation of removal in his underlying proceedings, or in a timely motion to reopen, as would be required to demonstrate that equitable tolling was warranted, because he did not become eligible for that relief until years after his removal proceedings concluded. *See Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (providing that equitable tolling may only be granted if movant shows that "some extraordinary circumstance stood in [his] way" (quotation marks omitted)). Although *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), clarified that Chen continued to accrue physical presence in the United States after service of the notice to appear because the notice omitted a hearing date, he entered the United States in 2011 and would not have accrued the required ten years of presence before his removal order became final in 2016 or before the time to seek reopening expired. *See* 8 U.S.C. § 1229b(b)(1)(A).

The only remaining basis for reopening was the BIA's discretionary authority to reopen under 8 C.F.R. § 1003.2(a). We lack jurisdiction to review that

3

decision, *Li Chen v. Garland*, 43 F.4th 244, 249 (2d Cir. 2022), except that we may remand if the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). There was no such misperception in the BIA's determination that becoming potentially eligible for cancellation of removal after being ordered removed was not an exceptional circumstance warranting sua sponte reopening. Moreover, Chen's argument that the BIA failed to consider his prima facie eligibility for cancellation before deciding whether to reopen sua sponte misses the mark. The BIA had already reasonably determined that he did not state a prima facie claim because he failed to identify or present any evidence that his "removal would result in exceptional and extremely unusual hardship" to a qualifying relative as required for cancellation. *See* 8 U.S.C. § 1229b(b)(1)(D).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4