*Jiang v. Bondi*

BIA
A205 420 793

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand twenty-five.

PRESENT:
RICHARD J. SULLIVAN,
STEVEN J. MENASHI,
EUNICE C. LEE,
*Circuit Judges.*

———————————————————————

YING JIANG,

Petitioner,

v.

PAMELA BONDI, United States Attorney General,

Respondent.

No. 24-278
NAC

———————————————————————

**For Petitioner:**          Jason Jia, Jia Law Group, P.C., New York, NY.

**For Respondent:**                    Brian Boynton, Principal Deputy Assistant
                                       Attorney General; Justin R. Markel, Senior
                                       Litigation Counsel; Brooke M. Maurer, Trial
                                       Attorney, Office of Immigration Litigation,
                                       United States Department of Justice,
                                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Jiang, a native and citizen of the People's Republic of China, seeks review of a January 8, 2024 decision of the BIA denying his motion to reopen his removal proceedings in connection with Jiang's application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). *In re Ying Jiang,* No. A205 420 793 (B.I.A. Jan. 8, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

Motions to reopen "are generally disfavored in light of the strong public interest in the finality of removal orders." *Heredia v. Sessions*, 865 F.3d 60, 65 (2d Cir. 2017) (internal quotation marks omitted). We generally review the BIA's denial of a motion to reopen for abuse of discretion and its underlying factual findings for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), but consider *de novo* constitutional claims and questions of law, *Luna*

2

*v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

In this case, Jiang does not dispute that his motion to reopen was untimely because he filed it more than ninety days after his removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). And because Jiang moved to reopen for purposes of applying for cancellation of removal, his motion did not fall into a statutory or regulatory exception to that time bar. *See id.* § 1229a(c)(7)(C)(ii)–(iv) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same). Jiang nevertheless argues that the BIA erred in concluding that equitable tolling was not warranted and that he did not establish *prima facie* eligibility for cancellation of removal under section 1229b(b).

Equitable tolling, however, may only be granted if the movant shows that "some extraordinary circumstance" prevented the timely assertion of his rights. *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (internal quotation marks omitted). Here, Jiang cites the Supreme Court's decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021) – which held that a subsequent hearing notice cannot cure a defective notice to appear for purposes of section 1229b's stop-time rule – as an intervening change of law justifying his untimely motion. But as the BIA explained, Jiang "admits that he has no qualifying relative" for purposes of section 1229b(b), a necessary condition to obtain cancellation of removal under that

provision. Cert. Admin. R. at 3; *see* 8 U.S.C. § 1229b(b)(1)(D) (requiring the alien to show that "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence"). We therefore perceive no error in the BIA's rejection of *Niz-Chavez* as a basis for excusing the untimely filing of Jiang's motion or its conclusion that Jiang failed to establish *prima facie* eligibility for cancellation of removal. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (explaining that a motion to reopen may properly be denied if "the movant has not established a prima facie case for the underlying substantive relief sought").

Finally, Jiang contends that the BIA erred in declining to exercise its discretionary authority to *sua sponte* reopen his removal proceedings under 8 C.F.R. § 1003.2(a). But we only have jurisdiction to review that decision insofar as the BIA declined *sua sponte* reopening based on an erroneous determination that reopening "would be futile." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). And as explained above, we find no error in the BIA's determination that Jiang was ineligible for cancellation under section 1229b(b).

4

For these reasons, the petition for review is DENIED.   All pending motions

and applications are DENIED and all stays are VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court